UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 21-14431-CIV-CANNON

**LEI TANG**,

    Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A**,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff Lei Tang's Motion for Default Final Judgment (the "Motion") [ECF No. 64], filed on March 24, 2022. The Motion seeks entry of default judgment against the Defendants numbered on Schedule A as 1, 3, 4, 6, 8, 10, 18, 20–22, 25, 27, 30–41, 43, 46, 48, 50–51, 54–55, 57, 59–64, 66–80, 82–89, 92–95, 97–109, 112–16, 118–26, 129–30, 132–40, 143–45, 148–54, 156, 158–63, 165–77, 179–84, 186, 188–90, 192–94, 196–200, 203–05, 208–13, 215–16, 219–23, 228, 230, 232–33, 236–38, 241, 243–44, 246, 248–56, 258–67, 271, 273–79, 281–97, 299–304, 306–08, 310–33, 335–40, 342–61, 363–64, 366–79, 381, 383–88, 390–93, 397–99, 401–03, 405, 407–11, 413, and 419 (the "Defaulting Defendants") [ECF No. 10].[1] For the reasons set forth below, the Motion [ECF No. 64] is **GRANTED**.

## RELEVANT BACKGROUND

Plaintiff Lei Tang is the owner of Copyright Registration Nos. VA0002250612 and VA0002250627 (hereinafter, "the Tang Works"), which have effective registration dates of

---

[1] Plaintiff voluntarily dismissed the claims against all other Defendants [*see* ECF Nos. 46, 53, 60–61, 65–66, 70, 72, 78, 83].

May 10 and 11, 2020, respectively [ECF No. 1 ¶¶ 9–10; ECF Nos. 8–9]. The Tang Works consist of photographs of Lei Diamond Painting Pens [ECF No. 1 ¶¶ 9–10; ECF Nos. 8–9]. Since June 2020, Plaintiff has utilized the Tang Works in connection with the advertisement, marketing, and sale of retail items, as depicted therein, in interstate and foreign commerce, including commerce in the State of Florida and the Southern District of Florida [ECF No. 1 ¶¶ 14–15].

Plaintiff initiated this action on October 28, 2021, alleging that Defendants violated the law by using Plaintiff's registered works without permission [ECF No. 1]. Defendants are individuals and businesses who sell products on e-commerce websites. The Complaint brings one claim for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.*, against each Defendant. On December 21, 2022, the Court entered a sealed order permitting electronic service of process pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, granting Plaintiff's request for expedited third-party discovery, enjoining Defendants from transferring ownership of their seller IDs during the pendency of this action, prohibiting further infringement, and imposing a temporary freeze on the financial accounts tied to Defendants' e-commerce accounts [ECF No. 19]. On December 30, 2021, the Court entered a sealed order extending the temporary restraints through January 19, 2022 [ECF No. 22]. When Plaintiff moved for a second extension of the temporary restraining order [ECF No. 23], the Court denied that request in light of the notice limitations imposed by Rule 65(b)(2) [ECF No. 24].

Plaintiff subsequently moved for a preliminary injunction, seeking the same restraints [ECF No. 26]. The Court held a hearing on that motion on February 23, 2022 [ECF No. 48]. No Defendants attended. Shortly thereafter, the Court entered an order granting in part and denying in part Plaintiff's motion [ECF No. 49]. Specifically, the Court granted Plaintiff's request to continue restraining Defendants from transferring ownership of their seller IDs and from further

infringement but denied Plaintiff's request to impose an indefinite asset freeze [ECF No. 49].

On March 8, 2022, Plaintiff filed a motion for entry of clerk's default against certain Defendants [ECF No. 51]. The following day, the Deputy Clerk entered default against those Defendants [ECF No. 54]. Approximately two weeks later, Plaintiff filed the instant Motion, seeking final default judgement against the same Defendants [ECF No. 64].[2]

On May 16, 2022, the Court held a hearing on the Motion, focusing on the issue of determining damages [ECF No. 79]. Again, no Defendants attended. Later that day, Plaintiff filed a supplement to the Motion [ECF No. 80].

The Motion is ripe for adjudication.

## LEGAL STANDARD

A party may apply to the Court for a default judgment when the defendant fails to timely respond to a pleading. Fed. R. Civ. P. 55(b)(2). "A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'" *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "A default judgment is unassailable on the merits, but only so far as it is supported by well-pleaded allegations." *Nishimatsu*, 515 F.2d at 1206. Therefore, a court may enter default judgment only if there is a "sufficient basis to state a claim," the standard for which is Rule 12(b)(6). *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) ("Conceptually, then, a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.").

---

[2] Plaintiff since has filed an updated proposed final default judgment to reflect the numerous Defendants who have been voluntarily dismissed [*see* ECF No. 84, 84-1].

To satisfy Rule 12(b)(6), a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 12(b)(6). A claim for relief is plausible if the complaint contains factual allegations that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 545). Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## DISCUSSION

As mentioned, the Complaint brings a claim for trademark infringement under 17 U.S.C. § 101 *et seq.* against each Defaulting Defendant [ECF No. 1]. To succeed on a claim for trademark infringement, a plaintiff must show "(1) that it had trademark rights in the mark . . . at issue and (2) that the [defendant] adopted a mark . . . that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two." *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir.), *opinion modified on reh'g*, 122 F.3d 1379 (11th Cir. 1997). Here, Plaintiff has provided proof of ownership of the Tang Works [*see* ECF Nos. 8–9] along with documented instances of infringement by each Defaulting Defendant [*see* ECF Nos. 11-1, 11-2, 11-3, 11-4, 11-5, 11-6, 11-7, 11-8, 11-9, 11-10, 11-11, 11-12, 11-13, 11-14, 11-15, 11-16, 11-17, 11-8, 11-19, 11-20, 11-21]. This showing is supported by Plaintiff's sworn declaration [ECF No. 11]. Moreover, no Defendant has answered or otherwise responded to the Complaint. For these reasons, Plaintiff is entitled to a default judgment against the Defaulting Defendants.

The only remaining issue is the determination of damages. The Motion does not seek to recover actual damages under 17 U.S.C. § 504(b), because "Defendants control the information [concerning their sales] needed to accurately determine actual damages" [ECF No. 64 pp. 12–13]. Instead, Plaintiff seeks statutory damages under 17 U.S.C. § 504(c) [ECF No. 64 pp. 13–17]. Plaintiff argues that the statutory maximum of $150,000 (per Defaulting Defendant) is warranted in light of (1) the unrebutted showing of willful infringement, (2) the Defaulting Defendants' use of the internet to reach consumers across the globe, (3) the need to deter further infringement, and (4) the significant likelihood that recovery efforts will be impeded by the Defaulting Defendants' actions to conceal and dissipate funds [ECF No. 64 pp. 13–17]. Although the Court appreciates these considerations and factors them into its damages determination, the Court does not find the statutory maximum of $150,000 to be warranted. The Court has not been provided any specific figures on which to base its damages determination, such as the Defaulting Defendants' volume of sales, the length of time of infringement, or the licensing fee for the Tang Works. Moreover, Plaintiff has not provided any particularized information about each Defaulting Defendant, seeking instead a sweeping request for the maximum statutory recovery against each and every Defaulting Defendant. The Court is mindful of the difficulties of proof in this area, but the solution is not to award maximum damages without adequate support. Without any concrete figures or particularized considerations, the Court exercises its discretion to determine statutory damages with restraint. Upon full consideration of the circumstances, the Court finds an award of $10,000 per Defaulting Defendant to be appropriate.

CASE NO. 21-14431-CIV-CANNON

## CONCLUSION

Being fully advised, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Motion for Final Default Judgment [ECF No. 64] is **GRANTED**.

2. Plaintiff shall recover statutory damages of **$10,000** from each Defaulting Defendant pursuant to 17 U.S.C. § 504(c).

3. Each Defaulting Defendant and its officers, directors, employees, agents, subsidiaries, and distributors, and all persons in active concert or participation with any Defaulting Defendant, having notice of this Order, are hereby permanently restrained and enjoined from:

    a. using the Tang Works in marketing, advertising, soliciting, or display, derivative or directly, which is not directly authorized by plaintiff; and

    b. further infringing on the Tang Works.

4. Each Defaulting Defendant and its officers, directors, employees, agents, subsidiaries, and distributors, and all persons in active concert or participation with any Defaulting Defendant, including, without limitation, all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to Amazon, AliExpress, eBay, Wish, Walmart, DHgate, and Joom, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, and Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") and their related companies and affiliates upon which this Court imposed restraints under the Preliminary Injunction [ECF No. 49] shall:

CASE NO. 21-14431-CIV-CANNON

   a. immediately and permanently discontinue the use of the Tang Works on or in connection with all Internet based e-commerce stores owned and operated or controlled by them, including the Internet based e-commerce stores operating under the seller IDs; and

   b. apply any funds currently in the Defaulting Defendants' financial accounts to satisfy the monetary judgments.

5. The Clerk of Court shall **RELEASE** the $10,000 bond posted by Plaintiff.

6. There being no good cause for the continued sealing of material in this case, the Clerk of Court is directed to **UNSEAL** the sealed entries in this case [ECF Nos. 4–5, 8–14, 17–19, 21–24].

7. Final judgment will be entered separately pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 12th day of September 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record